# Illinois Official Reports

## Appellate Court

---

### *People v. Cashaw*, 2016 IL App (4th) 140759

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JAMES E. CASHAW, Defendant-Appellant. |
| District & No. | Fourth District<br>Docket No. 4-14-0759 |
| Filed | September 30, 2016 |
| Decision Under Review | Appeal from the Circuit Court of Woodford County, No. 05-CF-159; the Hon. Charles M. Feeney III, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Michael J. Pelletier, Jacqueline L. Bullard, and Erica A. Nichols Cook, all of State Appellate Defender's Office, of Springfield, for appellant.<br><br>Gregory A. Minger, State's Attorney, of Eureka (Patrick Delfino, David J. Robinson, and Allison Paige Brooks, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| Panel | JUSTICE STEIGMANN delivered the judgment of the court, with opinion.<br>Justices Turner and Pope concurred in the judgment and opinion. |

**OPINION**

¶ 1      In March 2006, a jury convicted defendant, James E. Cashaw, of criminal sexual assault, after which the trial court imposed a 12-year prison sentence and a $200 domestic-violence fine. Defendant did not challenge the fine on direct review. In the years that followed, defendant initiated multiple collateral attacks on his conviction, none of which challenged the domestic-violence fine.

¶ 2      In May 2014, defendant filed a motion for leave to file a successive postconviction petition, which the trial court later denied. On appeal, defendant for the first time challenges his domestic-violence fine. He argues that because the fine was not authorized by statute, it is void under the "void-sentence rule." Defendant acknowledges that in *People v. Castleberry*, 2015 IL 116916, 43 N.E.3d 932, the supreme court abolished the void-sentence rule, but he contends that *Castleberry* does not apply "retroactively" to his case. We disagree with defendant and conclude that *Castleberry* applies to this appeal. As a result, we honor defendant's forfeiture of his claim and affirm his sentence.

¶ 3                                  I. BACKGROUND

¶ 4      After a March 2006 trial, the jury found defendant guilty of criminal sexual assault (720 ILCS 5/12-13(a)(1) (West 2004)). The trial court later sentenced him to 12 years in prison and imposed a $200 domestic-violence fine. This court affirmed defendant's conviction on direct appeal. *People v. Cashaw*, No. 4-06-0427 (Mar. 11, 2008) (unpublished order under Supreme Court Rule 23). Defendant did not challenge the propriety of the domestic-violence fine in that appeal.

¶ 5      Defendant then initiated the following series of postconviction actions, all of which were unsuccessful, and none of which challenged the domestic-violence fine. Specifically, in May 2008, defendant filed a petition pursuant to the Post-Conviction Hearing Act (725 ILCS 5/122-1 to 122-7 (West 2008)). The trial court dismissed that petition. In October 2008, defendant filed a second postconviction petition. The court granted the State's motion to dismiss, and this court affirmed on appeal. *People v. Cashaw*, No. 4-09-0425 (Mar. 1, 2010) (unpublished order under Supreme Court Rule 23). In December 2010, defendant filed a petition for relief from judgment under section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2010)). The trial court dismissed that petition, and this court affirmed on appeal. *People v. Cashaw*, No. 4-11-0167 (Apr. 11, 2012) (unpublished summary order under Supreme Court Rule 23(c)(2)).

¶ 6      In May 2014, defendant filed a motion for leave to file a successive postconviction petition, which is the subject of this appeal. The motion alleged ineffective assistance of counsel. The trial court denied the motion, concluding that the motion established neither cause nor prejudice.

¶ 7      This appeal followed.

¶ 8                                  II. ANALYSIS

¶ 9      Defendant argues, for the first time at any stage of these protracted proceedings, that his $200 domestic-violence fine must be vacated. According to defendant, the trial court did not

have statutory authorization to impose that fine; therefore, he argues, the fine is void and may be attacked at any time.

¶ 10    The State concedes that the trial court lacked statutory authorization to impose the fine but argues that under *Castleberry*, the fine is not void and therefore cannot be challenged for the first time at this stage of the proceedings.

¶ 11    Defendant agrees with the State that under *Castleberry*, the domestic-violence fine in this case is not void and cannot be challenged in this appeal. However, defendant notes that *Castleberry* was decided after the conclusion of defendant's appeal of his criminal conviction and sentence. He argues that, therefore, *Castleberry* does not automatically apply "retroactively" to these collateral proceedings. As a result, defendant asks us to hold that *Castleberry* is inapplicable to this appeal—meaning that the "void-sentence rule" abolished by *Castleberry* still applies in full force to defendant's sentence—and to vacate the domestic-violence fine as void.

¶ 12    To resolve this appeal, we must decide the following issue of law: whether the holding of *Castleberry* may be applied in a collateral proceeding when the defendant is attacking a sentence imposed in an underlying case that concluded prior to *Castleberry*—in short, whether *Castleberry* applies "retroactively." We conclude that *Castleberry* does apply under those circumstances.

¶ 13              A. Forfeiture and the Post-Conviction Hearing Act

¶ 14    The Post-Conviction Hearing Act (725 ILCS 5/122-1 to 122-7 (West 2014)) provides a procedural vehicle under which a convicted criminal defendant imprisoned in the penitentiary may allege that "in the proceedings which resulted in his or her conviction there was a substantial denial of his or her rights under the Constitution of the United States or of the State of Illinois or both." 725 ILCS 5/122-1(a)(1) (West 2014). A defendant may raise an issue in an initial postconviction petition only if that issue both *was not* and *could not have been* raised and decided on direct appeal. *People v. Blair*, 215 Ill. 2d 427, 443, 831 N.E.2d 604, 664-65 (2005). Otherwise, the issue is forfeited.

¶ 15    In this case, defendant did not raise his claim about his domestic-violence fine in the trial court. See *People v. Hanson*, 2014 IL App (4th) 130330, ¶¶ 14-16, 25 N.E.3d 1. He then forfeited that claim by failing to raise it on direct review. The facts underlying the claim were contained within the record, and therefore, the issue could have been addressed by the appellate court on direct review. Defendant also did not raise this claim in his initial postconviction petition.

¶ 16    To file a successive postconviction petition containing new issues, a defendant must first obtain "leave of court." 725 ILCS 5/122-1(f) (West 2014). Leave may be granted only when the defendant "demonstrates cause for his or her failure to bring the claim in his or her initial post-conviction proceedings and prejudice results from that failure." *Id.* In this case, defendant does not attempt to establish the cause demanded by section 122-1(f) of the Post-Conviction Hearing Act.

¶ 17    Defendant concedes that he has forfeited this claim over and over again, but undeterred, he asks to pursue his challenge to the $200 fine under the "void-sentence rule." (We can only speculate as to the value of the state resources wasted regarding the present action, not to

mention the myriad other proceedings spawned from defendant's 2006 conviction.)

¶ 18                          B. The Void-Sentence Rule and *Castleberry*

¶ 19    In Illinois, a judgment rendered by a court lacking jurisdiction is "void." *Castleberry*, 2015 IL 116916, ¶ 11, 43 N.E.3d 932. A void judgment may be attacked "at any time or in any court, either directly or collaterally." *Sarkissian v. Chicago Board of Education*, 201 Ill. 2d 95, 103, 776 N.E.2d 195, 201 (2002).

¶ 20    Generally, jurisdiction is conceived of as comprising two elements: personal jurisdiction and subject-matter jurisdiction. *Castleberry*, 2015 IL 116916, ¶ 12, 43 N.E.3d 932. However, in addition, until recently, Illinois courts sometimes acknowledged a third jurisdictional element: the court's "power to render the particular judgment or sentence." *People v. Davis*, 156 Ill. 2d 149, 156, 619 N.E.2d 750, 754 (1993). That third element gave birth to the "void-sentence rule," which provided that "[a] sentence which does not conform to a statutory requirement is void." *People v. Arna*, 168 Ill. 2d 107, 113, 658 N.E.2d 445, 448 (1995) (abrogated by *Castleberry*). Under the void-sentence rule, defendants could, at any time, challenge their sentences as void because they were not authorized by statute, thereby bypassing the normal rules of forfeiture. See, *e.g.*, *People v. Thompson*, 209 Ill. 2d 19, 805 N.E.2d 1200 (2004) (allowing a challenge to a sentence as void to be raised for the first time in an appeal from the denial of a postconviction petition).

¶ 21    In *Castleberry*, the supreme court abolished the void-sentence rule. *Castleberry*, 2015 IL 116916, ¶¶ 17-19, 43 N.E.3d 932. In so doing, the court reasoned that the original jurisdiction of circuit courts is granted by the Illinois Constitution, not by statute. *Id.* ¶ 18; Ill. Const. 1970, art. VI, § 9 ("Circuit Courts shall have original jurisdiction of all justiciable matters ***.") Therefore, a circuit court's failure to comply with a statutory requirement cannot affect the court's original jurisdiction. *Castleberry*, 2015 IL 116916, ¶ 18, 43 N.E.3d 932. The *Castleberry* court thus did away with the idea of the third, "inherent power" element of jurisdiction. *Id.* Under *Castleberry*, a criminal sentence is not void for lacking statutory authorization.

¶ 22                          C. Retroactivity and *Teague*

¶ 23    In this case, defendant acknowledges that *Castleberry* abolished the void-sentence rule. However, citing *Teague v. Lane*, 489 U.S. 288 (1989), defendant argues that *Castleberry* does not apply "retroactively" to this appeal.

¶ 24    While a case is being tried and until direct review of the case is completed, any new judicially declared rules apply to the case on direct review. *Griffith v. Kentucky*, 479 U.S. 314, 322 (1987) ("failure to apply a newly declared constitutional rule to criminal cases pending on direct review violates basic norms of constitutional adjudication") (abolishing the "clean-break rule" and holding that new, judicially declared rules apply to all cases pending on direct review); *Deichmueller Construction Co. v. Industrial Comm'n*, 151 Ill. 2d 413, 416, 603 N.E.2d 516, 518 (1992) ("In general, judicial decisions are given retroactive as well as prospective effect.").

¶ 25    However, when we ask whether new, judicially declared rules ought to apply in *collateral proceedings* challenging a conviction *that has already been finalized*, we encounter a more complicated answer. By "final," we mean a judgment occurring in a case in which the available

methods for direct review have been exhausted. For instance, if a guilty plea is entered and no postplea motion is filed, the trial court loses jurisdiction after 30 days. The case is then final, and any attack on the judgment must be made through collateral proceedings by filing, for example, a postconviction petition or a petition for relief from judgment under section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2014)).

¶ 26    New, judicially declared rules of criminal law that are *substantive* in nature generally apply retroactively to already final convictions. *Schriro v. Summerlin*, 542 U.S. 348, 351 (2004). That means that a defendant may file a collateral attack on his conviction utilizing the new rule.

¶ 27    New rules of criminal *procedure*, however, generally do not apply retroactively to final convictions, meaning that those rules cannot be utilized in a postconviction petition attacking a conviction that became final prior to the announcement of the new rule. *Id.* at 352. Only those "watershed rules of criminal procedure"—those that implicate "the fundamental fairness and accuracy of the criminal proceeding"—apply retroactively to an already final conviction. (Internal quotation marks omitted.) *Id.*

¶ 28    Although *Teague* and its progeny apply only to federal *habeas corpus* proceedings, Illinois has adopted the *Teague* rule to govern retroactivity in State law collateral proceedings. In *People v. Flowers*, 138 Ill. 2d 218, 561 N.E.2d 674 (1990), the supreme court first acknowledged that the holding of *Teague* applied only to federal *habeas corpus* proceedings. (That principle was later confirmed and expounded upon by the Supreme Court of the United States in *Danforth v. Minnesota*, 552 U.S. 264, 278-79 (2008); see also *People v. Davis*, 2014 IL 115595, ¶¶ 33-35, 6 N.E.3d 709 (discussing *Teague*'s application to Illinois state-law collateral proceedings).) However, the *Flowers* court found the *Teague* holding "helpful and concise" and therefore adopted it to determine whether a new rule should apply to proceedings pursuant to the Post-Conviction Hearing Act (725 ILCS 5/122-1 to 122-7 (West 2014)). *Flowers*, 138 Ill. 2d at 237-39, 561 N.E.2d at 681-82; see also *People v. Smith*, 2015 IL 116572, 26 N.E.3d 335 (confirming that *Teague* applies to state collateral proceedings and engaging in a *Teague* retroactivity analysis).

¶ 29                        D. *People v. Smith* and *People v. Stafford*

¶ 30    In *People v. Smith*, 2016 IL App (1st) 140887, 51 N.E.3d 848, the Appellate Court, First District, recently held that *Castleberry* does not apply retroactively to finalized convictions. In *Smith* the defendant filed a motion for leave to file a successive postconviction petition, which the trial court denied. *Id.* ¶ 2. Defendant appealed and argued for the first time that the extended-term portion of his sentence was unauthorized by statute and therefore void. *Id.* ¶ 12. After the defendant filed his appellate brief, and while his case was still pending in the appellate court, the supreme court decided *Castleberry*. *Id.* ¶ 20. The First District was therefore tasked with determining whether to apply the holding of *Castleberry* to the pending appeal in that collateral proceeding.

¶ 31    The *Smith* court began its analysis by describing the issue as one of "retroactivity," which *Teague* and its progeny controlled. *Id.* ¶ 24. Seeking to apply *Teague*, the *Smith* court set out to determine whether *Castleberry* announced a "new rule" of criminal procedure. *Id.* ¶¶ 27-29. The court concluded that "*Castleberry* did not announce a new rule, but merely abolished [the void-sentence rule] stated in *Arna*, thereby reinstating the rule in effect before *Arna*." *Id.* ¶ 29. The court then concluded that because *Castleberry* did not establish a "new rule," its holding could not be applied retroactively to the defendant's appeal. *Id.* ¶ 30. Thus, the court concluded

that "*Castleberry* only applies prospectively from the date of pronouncement, November 15, 2015." *Id.*

¶ 32    More recently, this court decided *People v. Stafford*, 2016 IL App (4th) 140309, which disagreed with *Smith* and held that *Castleberry* does apply retroactively in collateral proceedings. The *Stafford* court cited *Smith* and agreed with its initial determination that *Castleberry* did not establish a "new rule" but instead abolished the void-sentence rule and reinstated the rule in existence before *Arna*. *Id.* ¶ 33. However, the *Stafford* court concluded that because the holding of *Castleberry* was not a "new rule," the holding *should* apply retroactively. *Id.* See also *People v. Morrison*, 2016 IL App (4th) 140712, ¶ 24, where this court recently cited *Stafford* approvingly.

¶ 33    We agree with the ultimate holding of *Stafford* that *Castleberry* applies retroactively to collateral proceedings in which a petitioner seeks to challenge a conviction that became finalized prior to the supreme court's decision in *Castleberry* because *Castleberry* did not create a new rule. We also find an alternative basis to support *Castleberry's* retroactivity, discussed below.

¶ 34    We note that in reaching its decision in *Smith*, the Appellate Court, First District, stated the following: "Although the State was given the opportunity to explain how or why *Castleberry* applies to the issue presently before this court, the State has failed to do so both in their brief and in oral argument." *Smith*, 2016 IL App (1st) 140887, ¶ 23, 51 N.E.3d 848. Fortunately for this court, the State has provided persuasive argument and authority to explain why *Castleberry* applies retroactively, which we find convincing for the foregoing reasons set forth below. As a result, we explicitly disagree with the holding of *Smith*.

¶ 35                    E. *Teague* Does Not Control This Case

¶ 36    The *Teague* retroactivity analysis applies to solve the following specific inquiry: whether a (1) judicially announced (2) new rule (3) that is favorable to the defendant should apply (4) in collateral proceedings (5) challenging a judgment in a criminal case that concluded prior to the announcement of the new rule.

¶ 37    Here, the third element is the most glaring problem preventing the application of *Teague*. *Teague* is a "one-way street" (*Free v. Peters*, 12 F.3d 700, 703 (7th Cir. 1993)) in that it applies only when a defendant seeks to overturn his conviction by retroactively applying a new rule that is *favorable* to him. This limitation stems from the purpose of *Teague*: to protect the State and society's interest in the finality of criminal convictions. *Teague*, 489 U.S. at 309 ("Application of constitutional rules not in existence at the time a conviction became final seriously undermines the principle of finality which is essential to the operation of our criminal justice system.").

¶ 38    Under *Teague*, the State, not the petitioner, may object to the application of a new rule to an old, concluded case. See *People v. Granados*, 172 Ill. 2d 358, 365, 666 N.E.2d 1191, 1194 (1996) (not applying *Teague* to determine whether a new rule unfavorable to defendant applied retroactively to the pending appeal in a postconviction proceeding and describing the *Teague* rule as one that applies to determine the retroactivity of "a new constitutional rule of criminal procedure that is *favorable to the defendant*" (emphasis added)).

¶ 39    In this case, defendant turns *Teague* on its head. He seeks to prevent the application of a new rule to an old case, but he seeks to do so in order to apply the old rule to *disturb* the finality

of a judgment. That is not the function of *Teague*. A defendant cannot rely on the framework of *Teague* to argue that a new rule should not apply, when the defendant is seeking to overturn an old judgment. As the Supreme Court explained in *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993), the retroactivity rule of *Teague* "was motivated by a respect for the State's strong interest in the finality of criminal convictions." A petitioner attempting to overturn his conviction "has no interest in the finality of the state-court judgment under which he is incarcerated." *Id.* at 373. Because of that difference in interests, "the State will benefit from our *Teague* decision in some federal habeas cases, while the habeas petitioner will not." *Id.* "This result is not *** a 'windfall' for the State, but instead is a perfectly logical limitation of *Teague* to the circumstances which gave rise to it. *Cessante ratione legis*, *cessat et ipsa lex*. [(Where the reason for the law ceases, the law itself should also cease.)]" *Id.* Accordingly, *Teague* cannot be used as the defendant attempts to use it here: to overturn an already final judgment by utilizing old law that has since changed.

¶ 40    As a result, *Castleberry* applies, the domestic-violence fine is not void, and defendant has forfeited his claim that the fine was unauthorized by statute. We therefore affirm the imposition of the domestic-violence fine.

¶ 41                                III. CONCLUSION

¶ 42    For the foregoing reasons, we affirm the trial court's judgment.

¶ 43    As part of our judgment, we award the State its $50 statutory assessment against defendant as costs of this appeal. 55 ILCS 5/4-2002 (West 2014).

¶ 44    Affirmed.