NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2024 IL App (4th) 230503-U

NO. 4-23-0503

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
January 31, 2024
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Stephenson County |
| MICHAEL NORSWORTHY, | ) | No. 09CF262 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | James M. Hauser, |
| | ) | Judge Presiding. |

JUSTICE HARRIS delivered the judgment of the court.
Justices Steigmann and Knecht concurred in the judgment.

**ORDER**

¶ 1     *Held*:  The appellate court granted OSAD's motion to withdraw as counsel and affirmed the trial court's judgment dismissing defendant's section 2-1401 petitions for relief from judgment.

¶ 2     In May 2020, November 2020, and August 2021, defendant, Michael Norsworthy, filed three separate petitions for relief from judgment pursuant to section 2-1401(f) of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401(f) (West 2020)). The trial court dismissed the petitions, and defendant appealed. The Office of the State Appellate Defender (OSAD) was appointed to represent defendant on appeal.

¶ 3     On appeal, OSAD has filed a motion to withdraw as counsel on the basis it can raise no colorable argument the trial court erred in dismissing defendant's petitions. We grant OSAD's motion and affirm the court's judgment.

¶ 4                                    I. BACKGROUND

¶ 5            Following a jury trial, defendant was convicted of, in relevant part, attempted first

degree murder (720 ILCS 5/8-4(a), 9-1(a)(1) (West 2008)). On November 21, 2011, the trial

court sentenced him to 31 years' imprisonment—6 years plus a mandatory 25-year sentence

enhancement for discharging a firearm that proximately caused great bodily harm. See *id.* § 8-

4(c)(1)(D). The appellate court affirmed defendant's conviction and sentence for attempted first

degree murder on direct appeal. *People v. Norsworthy*, 2013 IL App (2d) 120238-U.

¶ 6            In May 2018, defendant filed an amended postconviction petition, arguing, in

part, that his sentence violated the double jeopardy clause of the state and federal constitutions

because the firearm enhancement subjected him to a second sentence for a single act (see U.S.

Const., amends. V, XIV; Ill. Const. 1970, art. I, § 10). The trial court denied defendant's petition,

and the appellate court affirmed the trial court's judgment. See *People v. Norsworthy*, 2021 IL

App (2d) 190349-U.

¶ 7            On May 28, 2020, defendant *pro se* filed his first petition for relief from judgment

pursuant to section 2-1401(f) of the Code (735 ILCS 5/2-1401(f) (West 2020)). Defendant

alleged that the 25-year firearm enhancement was facially unconstitutional as violative of the

separation of powers and double jeopardy clauses of the state and federal constitutions. On

November 30, 2020, defendant *pro se* filed his second petition for relief from judgment pursuant

to section 2-1401(f). He alleged that his conviction for unlawful use of a weapon by a felon was

void pursuant to the supreme court's decisions in *People v. Aguilar*, 2013 IL 112116, and *People

v. McFadden*, 2016 IL 117424. On February 26, 2021, the State filed a motion to dismiss

defendant's petitions.

¶ 8      On August 2, 2021, defendant *pro se* filed his third and, for purposes of this

appeal, final petition for relief from judgment pursuant to section 2-1401(f) (735 ILCS

5/2-1401(f) (West 2020)), in which he raised two arguments. First, defendant alleged that his 31-

year sentence was void "because the court acted in a manner inconsistent with due process of law

or otherwise acted unconstitutionally in entering judgment." In support, he asserted the State

failed to prove he had the intent to commit murder or that he caused great bodily harm. Second,

defendant alleged the "trial court abused its discretion in responding to a question by the jurors

during deliberation because the court's substantive response to the jurors' question

impermissibl[y] trespass[ed] upon the jury's fact-finding p[r]erogative and the Petitioner's right

to a fair and impartial hearing." On October 8, 2021, the State filed a motion to dismiss

defendant's petition, and defendant subsequently filed a response. On February 24, 2023, the

trial court entered a written order granting the State's motion to dismiss defendant's petitions,

finding they were untimely and barred by the doctrine of *res judicata*.

¶ 9      On June 13, 2023, this court granted defendant's motion to file a late notice of

appeal and appointed OSAD to represent him on appeal. On September 21, 2023, OSAD filed its

motion to withdraw as appellate counsel on the basis it can raise no colorable argument the trial

court erred in dismissing defendant's petitions. We granted defendant leave to file a response to

OSAD's motion by October 27, 2023. Defendant did not file a response.

¶ 10      This appeal followed.

¶ 11                                II. ANALYSIS

¶ 12      On appeal, OSAD contends it can raise no colorable argument the trial court erred

in dismissing defendant's petitions for relief from judgment. Specifically, OSAD asserts no

argument can be made that the court failed to follow the proper procedure in addressing

defendant's petitions or that it erred in dismissing the petitions based on untimeliness. We review the dismissal of a section 2-1401 petition for relief from judgment *de novo*. *People v. Vincent*, 226 Ill. 2d 1, 18 (2007).

¶ 13 "Section 2-1401 of the Code constitutes a comprehensive statutory procedure authorizing a trial court to vacate or modify a final order or judgment in civil and criminal proceedings." *People v. Thompson*, 2015 IL 118151, ¶ 28. "Relief under section 2-1401 is predicated upon proof, by a preponderance of evidence, of a defense or claim that would have precluded entry of the judgment in the original action and diligence in both discovering the defense or claim and presenting the petition." *Vincent*, 226 Ill. 2d at 7-8. Generally, a section 2-1401 petition "must be filed not later than 2 years after the entry of the order or judgment." 735 ILCS 5/2-1401(c) (West 2020). However, the general two-year deadline does not apply to a petition seeking relief from a void judgment. *Id.* § 2-1401(f); *Thompson*, 2015 IL 118151, ¶ 29. Our supreme court has recognized two situations in which a judgment will be deemed void: "(1) where the judgment was entered by a court that lacked personal or subject-matter jurisdiction" or "(2) where the judgment was based on a statute that is facially unconstitutional and void *ab initio*." *People v. Price*, 2016 IL 118613, ¶ 31.

¶ 14 Here, defendant filed three separate petitions for relief from judgment, all of which were filed after the two-year period for filing had expired. In the first petition, he alleged that the 25-year firearm enhancement was facially unconstitutional as violative of the separation of powers and double jeopardy clauses of the state and federal constitutions. In the second petition, defendant alleged that his conviction for unlawful use of a weapon by a felon was void pursuant to the supreme court's decisions in *Aguilar*, 2013 IL 112116, and *McFadden*, 2016 IL 117424. In the third petition, defendant alleged the judgment was void because the trial court

violated his due process rights and abused its discretion in responding to a jury question. We will address the potential merit of each petition in turn.

¶ 15        We agree with OSAD no argument can be made on appeal that defendant raised a potentially meritorious claim in his first petition. With respect to defendant's claim that the sentencing enhancement violates the proportionate penalties clause, the supreme court has consistently held that the legislature's "power to define crimes and fix punishments" is "undoubted." *People v. Taylor*, 102 Ill. 2d 201, 208 (1984) (finding a mandatory, natural-life sentencing provision did not violate the proportionate penalties clause); see *People v. Sharpe*, 216 Ill. 2d 481, 525 (2005); *People v. Dunigan*, 165 Ill. 2d 235, 245 (1995). Thus, the enactment of the firearm enhancement at issue was well within the legislature's power, and any argument that it violates the proportionate penalties clause is without merit. Further, the claim that the enhancement violates the double jeopardy clause also lacks merit, as it is barred by the doctrine of *res judicata*. See, *e.g.*, *In re B.G.*, 407 Ill. App. 3d 682, 687 (2011) (holding *res judicata* bars a petitioner from raising a claim in a section 2-1401 petition that was already adjudicated on direct appeal or a prior collateral proceeding). Defendant raised the double jeopardy claim in his postconviction petition. The trial court denied the petition, and the appellate court affirmed. Therefore, the claim is barred by *res judicata*.

¶ 16        We also agree with OSAD no argument can be made on appeal that defendant raised a potentially meritorious claim in his second petition. Defendant argued in his second petition that his "conviction" for unlawful use of a weapon by a felon was void pursuant to the supreme court's decisions in *Aguilar*, 2013 IL 112116, and *McFadden*, 2016 IL 117424. However, defendant was not convicted of unlawful use of a weapon by a felon, and his claim therefore has no application to the facts of the case.

¶ 17        We agree no argument can be made on appeal that defendant raised a potentially

meritorious claim in his third petition. Defendant's first argument was that his 31-year sentence

was void "because the court acted in a manner inconsistent with due process of law or otherwise

acted unconstitutionally in entering judgment." In support, he asserted the State failed to prove

he had the intent to commit murder or that he caused great bodily harm. As noted by OSAD,

rather than raising a due process claim, defendant is challenging the sufficiency of the State's

evidence at trial with respect to his mental state and the degree of harm suffered by the victim.

These facts were clearly known to the trial court prior to the imposition of its judgment, and

therefore the claim cannot properly be raised in a section 2-1401 petition. See, *e.g.*, *People v.

Pinkonsly*, 207 Ill. 2d 555, 566 (2003) (noting that a section 2-1401 petition "requires the court

to determine whether facts exist that were unknown to the court at the time of trial and would

have prevented entry of the judgment"). Likewise, defendant's second claim—that the court

abused its discretion when responding to one of the jury's questions—is predicated on facts that

were known to the court at the time of trial and was not properly raised in the petition. *Id.*

Accordingly, no argument can be made on appeal that any of the claims in defendant's petitions

were meritorious.

¶ 18        Finally, we agree with OSAD no argument can be made that the trial court

violated defendant's procedural due process rights in dismissing his petitions. Proceedings under

section 2-1401 are governed by the rules of civil practice, and "petitions filed thereunder are

treated as complaints 'inviting responsive pleading.' " *People v. Stoecker*, 2020 IL 124807, ¶ 18

(quoting *Vincent*, 226 Ill. 2d at 8). Within 30 days of the filing of the petition, "the respondent

may answer the petition, move to dismiss it, or choose not to file a responsive pleading." *Id.*

Failure to answer the petition within the 30-day period results in "an admission of all

well-pleaded facts" and renders the petition "ripe for adjudication." *Vincent*, 226 Ill. 2d at 10; see *Stoecker*, 2020 IL 124807, ¶ 19 ("Once the 30-day period during which the State could have filed an answer has elapsed, the [trial] court may *sua sponte* render judgment on the pleadings, without providing a petitioner with notice or an opportunity to respond."). When the State does file a response, criminal defendants have a procedural due process right to receive "notice of, and a meaningful opportunity to respond to, any motion or responsive pleading by the State." *Stoecker*, 2020 IL 124807, ¶ 20.

¶ 19            Here, defendant filed his three petitions on May 28, 2020, November 30, 2020, and August 2, 2021. The State filed motions to dismiss on February 26, 2021, and October 8, 2021. Defendant filed a response to the State's motions on November 29, 2021, and the trial court dismissed defendant's petition on February 24, 2023. We agree with OSAD that no argument can be made the court violated defendant's procedural due process rights. First, the court did not rule on defendant's petitions until they were "ripe for adjudication." *Vincent*, 226 Ill. 2d at 10. Moreover, defendant was afforded notice of, and a meaningful opportunity to respond to, the State's motions to dismiss. *Stoecker*, 2020 IL 124807, ¶ 20. Thus, no argument can be made that a procedural violation occurred in this case.

¶ 20                              III. CONCLUSION

¶ 21            For the reasons stated, we grant OSAD's motion to withdraw as appellate counsel and affirm the trial court's judgment.

¶ 22            Affirmed.