2020 IL App (1st) 190774

FIRST DISTRICT
SIXTH DIVISION
September 30, 2020

IN THE
APPELLATE COURT OF ILLINOIS
FIRST DISTRICT

No. 1-19-0774

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 11 CR 11010 |
| | ) | |
| MICHAEL ELLIS, | ) | Honorable |
| | ) | Dennis J. Porter, |
| Defendant-Appellant. | ) | Judge Presiding. |

PRESIDING JUSTICE MIKVA delivered the judgment of the court, with opinion.
Justices Connors and Harris concurred in the judgment and opinion.

OPINION

¶ 1    Following a bench trial, defendant Michael Ellis was found guilty of being an armed habitual criminal. When they arrested Mr. Ellis and confiscated the gun admitted into evidence at his trial, the arresting officers had probable cause to believe that he was in violation of a provision of the Illinois aggravated unlawful use of a weapon (AUUW) statute (720 ILCS 5/24-1.6(a)(1), (a)(3)(A) (West 2010)) that would only later be deemed facially unconstitutional. This court initially reversed Mr. Ellis's conviction for a lack of probable cause (*People v. Ellis*, 2016 IL App (1st) 140613-U, ¶ 37). We later affirmed the conviction (*People v. Ellis*, 2018 IL App (1st) 140613-U, ¶¶ 32, 42) on remand from a supervisory order instructing us to reconsider in light of *People v. Holmes*, 2017 IL 120407, which held that, in such cases, probable cause is not

retroactively invalidated. Mr. Ellis now urges us to conclude, from statements made in a recent opinion, that our supreme court has implicitly overruled *Holmes*. Finding insufficient support for this argument, we affirm the circuit court's denial of Mr. Ellis's petition for relief from judgment under section 2-1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401 (West 2016)).

¶ 2                                    I. BACKGROUND

¶ 3     On April 27, 2011, four Chicago police officers witnessed Mr. Ellis approach a parked car, look around, remove an object from his waistband, toss the object into the car, and walk away. Two officers approached the car and observed a gun lying on the front passenger seat. Mr. Ellis was arrested, and the gun was confiscated. At the time, section 24-1.6(a)(1), (a)(3)(A) of the AUUW statute (720 ILCS 5/24-1.6(a)(1), (a)(3)(A) (West 2010)) made it a crime to carry an operable firearm outside the home. Only later did officers discover that Mr. Ellis was in violation of another section of the AUUW statute requiring anyone in possession of a firearm to carry a valid firearm owner's identification (FOID) card (§ 24-1.6(a)(1), (a)(3)(C)). Concluding that the officers had probable cause to believe a crime had been committed when they arrested Mr. Ellis and confiscated the gun, the trial court denied Mr. Ellis's motion to quash his arrest and suppress the gun. Mr. Ellis, who had been convicted of two prior qualifying felonies, was found guilty of being an armed habitual criminal (730 ILCS 5/5-4.5-95 (West 2012)) and, because this was his third Class X conviction, was sentenced to natural life in prison.

¶ 4     Several months after Mr. Ellis's trial, our supreme court held in *People v. Aguilar*, 2013 IL 112116, ¶¶ 21-22, that section 1.6(a)(1), (a)(3)(A), (d) of the AUUW statute (720 ILCS 5/24-1.6(a)(1), (a)(3)(A), (d) (West 2008)) was facially unconstitutional in violation of the second amendment. See also *People v. Burns*, 2015 IL 117387, ¶ 25 (clarifying that the entire provision, and not just the Class 4 form of the offense, was unconstitutional). The court made clear that "a

defendant cannot be prosecuted under a criminal statute that is unconstitutional in its entirety, as such a statute is void *ab initio*." *Aguilar*, 2013 IL 112116, ¶ 12.

¶ 5    On direct appeal, Mr. Ellis argued that because the only basis for the arresting officers to believe a crime had been committed was under the portion of the AUUW statute declared unconstitutional in *Aguilar*, any evidence obtained as a result of their search should have been suppressed. This court agreed. Noting that when a statute is declared facially unconstitutional in Illinois, it is " 'as though no such law had ever been passed,' " we reasoned that probable cause, though it existed at the time of the arrest and seizure, was vitiated by the court's holding in *Aguilar*. *Ellis*, 2016 IL App (1st) 140613-U, ¶ 29 (quoting *People v. Carrera*, 203 Ill. 2d 1, 14 (2002)). Accordingly, we reversed the trial court's denial of Mr. Ellis's motion to suppress and vacated his conviction. *Id.* ¶ 38.

¶ 6    While the State's petition for leave to appeal that decision was pending, however, our supreme court decided *People v. Holmes*, 2017 IL 120407. In *Holmes*, the court held—contrary to our initial decision in Mr. Ellis's direct appeal—that probable cause is *not* retroactively invalidated by a subsequent finding that the statute giving rise to it was void *ab initio*. *Id.* ¶ 37. The court instructed us in a supervisory order to reconsider Mr. Ellis's appeal in light of *Holmes* (*People v. Ellis*, No. 120888 (Ill. Sept. 27, 2017) (supervisory order)), and we did, this time affirming Mr. Ellis's conviction and sentence. *People v. Ellis*, 2018 IL App (1st) 140613-U, ¶¶ 32, 42.

¶ 7    At issue in this appeal is the *pro se* petition for relief from judgment pursuant to section 2-1401 of the Code (735 ILCS 5/2-1401 (West 2016)) filed by Mr. Ellis on October 10, 2018, and supplemented by him on January 10, 2019. In his petition, Mr. Ellis argued (1) that *In re N.G.*, 2018 IL 121939, decided by our supreme court after *Holmes* and after our 2018 decision affirming Mr. Ellis's conviction, contained language that "contradicted and went against *Holmes*"; (2) that

No. 1-19-0774

*Holmes* had thus been overruled "*sub-silentio*"; and (3) that the trial court's denial of Mr. Ellis's motion to suppress was erroneous under this new precedent. The State filed no response. At argument on the petition, however, the State took the position that Mr. Ellis's armed habitual criminal conviction did not run afoul of *N.G.* because none of the three felonies underlying it was for the mere possession of a firearm under the stricken portion of the AUUW statute.

¶ 8    The circuit court denied Mr. Ellis's petition, stating in its order:

"Petitioner, once again, is trying to distinguish his case from the rule in *Holmes*. Petitioner has attempted to do this, unsuccessfully, in both the Illinois Supreme Court and the appellate court. His claims have been adjudicated by superior courts. These claims are *res judicata* and this court has neither the ability nor the inclination to modify their rulings. Accordingly, the petition for Relief from Judgment is denied."

¶ 9    Mr. Ellis now appeals.

¶ 10                                        II. JURISDICTION

¶ 11    The circuit court denied Mr. Ellis's section 2-1401 petition on April 3, 2019. The April 26, 2019, "late" notice of appeal Mr. Ellis was allowed to file in this court was in fact timely. We have jurisdiction over this appeal under Rule 304(b)(3), governing the review of orders granting or denying relief sought pursuant to section 2-1401 of the Code. See Ill. S. Ct. R. 304(b)(3) (eff. Mar. 8, 2016).

¶ 12                                        III. ANALYSIS

¶ 13    In this appeal, Mr. Ellis asks us to reverse the circuit court's denial of his section 2-1401 petition and, ultimately, to reverse his conviction for being an armed habitual criminal. Mr. Ellis argues that, in *N.G.*, 2018 IL 121939, our supreme court implicitly overruled its holding— announced just one year prior in *Holmes*, 2017 IL 120407—that probable cause is not retroactively

- 4 -

invalidated by a finding that the criminal statute it was based on is facially unconstitutional. The State insists that if our supreme court wished to overrule its prior decision, it would have done so expressly. It argues that *Holmes* plainly applies here and must be followed until our supreme court directs otherwise. For the reasons that follow, we agree with the State.

¶ 14 Section 2-1401 of the Code establishes a statutory procedure for a party seeking to vacate a final judgment, including a criminal conviction, that was entered more than 30 days prior. 735 ILCS 5/2-1401(a) (West 2016). Proceedings under this section, though filed in the same case in which the judgment was entered, are viewed as a collateral attack and not as a continuation of the underlying litigation. *Id.* § 2-1401(b); *Warren County Soil & Water Conservation District v. Walters*, 2015 IL 117783, ¶ 31. "[A] section 2-1401 petition can present either a factual or legal challenge" and "the nature of the challenge presented *** dictates the proper standard of review on appeal." *Id.* Where, as here, a judgment is attacked as a matter of law, our review is *de novo*. *Id.* ¶ 47.

¶ 15 Mr. Ellis initially contends that the State has forfeited any argument that his section 2-1401 petition lacked merit because it did not file an answer to the petition in the circuit court. We agree with the State, however, that under *People v. Vincent*, 226 Ill. 2d 1, 9-10 (2007), the failure to answer a section 2-1401 petition constitutes only an admission of well-pleaded facts, not an admission that the petition has legal merit. We find no forfeiture here, where the relevant facts are not contested and the question Mr. Ellis has raised is a purely legal one: did the court in *N.G.* implicitly overrule *Holmes*? We begin by revisiting *Holmes*.

¶ 16 In *Holmes*, our supreme court considered the very question presented in Mr. Ellis's direct appeal: whether probable cause is retroactively extinguished when the criminal statute underlying a search or seizure is later held to be void *ab initio*. *Holmes*, 2017 IL 120407, ¶¶ 10-11. The

defendant in *Holmes*, like Mr. Ellis, was arrested when officers observed him in possession of a firearm. *Id.* ¶ 1. Only later did they discover that the defendant also lacked a FOID card—something that remains a valid basis for an AUUW charge, even after *Aguilar*. *Id.* The *Holmes* court acknowledged that under the void *ab initio* doctrine, "[w]here a statute is violative of constitutional guarantees, we have a duty not only to declare such a legislative act void, but also to correct the wrongs wrought through such an act by holding our decision retroactive." (Internal quotation marks omitted.) *Id.* ¶ 12. While it was clear that a defendant could not be prosecuted or convicted under a statute declared void *ab initio*, the court noted that it was less clear whether application of the doctrine extended to the retroactive invalidation of probable cause. *Id.* The court ultimately concluded that it did not. *Id.* ¶ 37. It explained that "[b]ecause probable cause is a component of both the federal and state search and seizure provisions, [Illinois courts] follow federal law pursuant to the limited lockstep doctrine" and "[f]ederal case law holds that probable cause for arrest would not be retroactively invalidated by subsequent declaration of a statute's unconstitutionality on federal grounds." *Id.* ¶ 39 (citing *Michigan v. DeFillippo*, 443 U.S. 31 (1979), and *United States v. Charles*, 801 F.3d 855 (7th Cir. 2015)).

¶ 17    Quoting at length from the United States Supreme Court's opinion in *DeFillippo*, the *Holmes* court stated:

> " 'Police are charged to enforce laws until and unless they are declared unconstitutional. The enactment of a law forecloses speculation by enforcement officers concerning its constitutionality—with the possible exception of a law so grossly and flagrantly unconstitutional that any person of reasonable prudence would be bound to see its flaws. Society would be ill-served if its police officers took it upon themselves to determine which laws are and which are not constitutionally entitled to enforcement.' "

*Holmes*, 2017 IL 120407, ¶ 27 (quoting *Defillippo*, 443 U.S. at 38).

Because the *Holmes* court concluded that probable cause existed at the time of the defendant's arrest in that case, the exclusionary rule did not apply, and there was no need for it to consider the good faith exception to that rule. *Id.* ¶ 37.

¶ 18    The *Holmes* court noted that this result, though based on federal precedent, was also "consistent with" its own prior decision in *People v. McFadden*, 2016 IL 117424, ¶¶ 33-34, which held that if a defendant had not taken steps to clear his or her record, a conviction under the portion of the AUUW statute held unconstitutional in *Aguilar* could still serve as a predicate felony for a later charge. *Holmes*, 2017 IL 120407, ¶¶ 31-36.

¶ 19    Just over one year later, however, the court expressly overruled *McFadden* in *N.G.*, a civil case involving a father whose parental rights were terminated following a finding of presumptive depravity predicated on his having three felony convictions. *N.G.*, 2018 IL 121939, ¶¶ 12-14. One of those convictions was pursuant to the provision of the AUUW statute held unconstitutionally void in *Aguilar*. *Id.* ¶ 15. The court held, contrary to *McFadden*, that because the underlying conduct had always been "beyond the power of the state to punish," the father's resulting conviction under that provision could not be used in support of a finding of depravity. *Id.* ¶ 36.

¶ 20    Mr. Ellis acknowledges that "*N.G.* did not explicitly overrule *Holmes*," but argues that "the reasoning in *N.G.* contradicts *Holmes*" in such a way that "the holding in *Holmes* can no longer stand." The *N.G.* court made clear that the portion of the AUUW statute at issue was "fatally infirm from the moment of its enactment," "the conduct it sanctioned was never a crime at all," and the statute "must be treated as if [it] never existed." (Emphasis omitted.) *N.G.*, 2018 IL 121939, ¶¶ 39, 74. After *N.G.*, courts now have an affirmative duty to invalidate such unconstitutional convictions. *Id.* ¶ 42. We agree with Mr. Ellis that by employing this reasoning to expressly

overrule *McFadden*, *N.G.* did indeed "fundamentally change[ ] the nature of void *ab initio* challenges." But it did so squarely within the context of *convictions* based on the void statutory provision. The question before the court in *N.G.* was what use such *convictions* may be put to in subsequent proceedings, whether they be criminal or civil in nature. See, *e.g.*, *id.* ¶ 37 ("[a] *conviction* under [the void statute] is not merely erroneous, but is illegal and void" (emphasis added and internal quotation marks omitted)); *id.* ¶ 38 ("where, as here, a *conviction* is based on an unconstitutional law, that *conviction* is not only erroneous but is illegal and void and cannot be the legal cause of punishment" (emphases added); *id.* ¶ 36 ("the *conviction* must be treated by the courts as if it did not exist, and it cannot be used for any purpose under any circumstances" (emphasis added)). Mr. Ellis's conviction, unlike the father's in *N.G.*, is not based on the unconstitutional portion of the AUUW statute. And the father in *N.G.*, unlike Mr. Ellis, did not challenge his prior conviction based on a lack of probable cause.

¶ 21    As Mr. Ellis acknowledges, *Holmes* was cited three times in *N.G.* for uncontroverted propositions—twice in the majority opinion and once in the dissent—with no indication that the core holding of that case should be questioned. See *id.* ¶ 50 (citing *Holmes* for the propositions that "[w]hen a statute is found to be facially unconstitutional in Illinois, it is said to be void *ab initio*" and "[s]uch laws are infirm from the moment of [their] enactment and, therefore, [are] unenforceable" (internal quotation marks omitted)); *id.* ¶ 170 (Theis, J., dissenting, joined by Thomas and Garman, JJ.) (noting that "[t]he past cannot always be erased by a new judicial declaration" (internal quotation marks omitted)).

¶ 22    Mr. Ellis cites no case in which this court has held that *N.G.* implicitly overruled *Holmes*. In at least one case decided since *N.G.*, however, we have concluded—albeit in *dicta*—that *Holmes* is still good law. See *People v. Horton*, 2019 IL App (1st) 142019-B, ¶ 58 (finding probable cause

was lacking for other reasons but also noting that "*Holmes* prevents us from relying on *Aguilar* to find that the officers lacked probable cause to arrest [the defendant] based on their observation of what 'may or may not' have been a gun").

¶ 23    We acknowledge that the court employed strong language in *N.G.* We also understand why it needed to do so. The court was taking the unusual step of expressly overruling one of its own recent decisions. And it was doing so not in the context one might suppose—a criminal case involving the use of a constitutionally infirm AUUW conviction as a predicate felony for a more serious crime—but in a civil matter, a child protection case. The court wanted to make absolutely clear, contrary to its express holding in *McFadden*, that no special procedure or forum was necessary to invalidate a conviction premised on a facially invalid statute. The fact remains, however, that *N.G.* had nothing to do with—and consequently nothing to say about—the retroactive invalidation of probable cause.

¶ 24    In his reply brief, Mr. Ellis assures us that this court "routinely" recognizes instances in which our supreme court has implicitly overruled itself. Three of the four cases he relies on for this proposition, however, involved our appellate court's recognition that our supreme court had implicitly overruled one of *our* appellate court decisions, not one of its own recent decisions. *People v. Allgood*, 2019 IL App (2d) 160810, ¶ 14; *People v. Eastin*, 396 Ill. App. 3d 760, 762 (2009); *Milder v. Van Alstine*, 230 Ill. App. 3d 869, 874 (1992). In *Milder*, we noted that the appellate court decision at issue relied on an earlier Illinois Supreme Court case that we concluded had also been implicitly overruled. However, in that instance, our supreme court had issued a supervisory order remanding the case to the appellate court for further consideration in light of the new precedent. *Milder*, 230 Ill. App. 3d at 873-74.

¶ 25    Only one of the cases Mr. Ellis cites, *People v. Johnson*, 206 Ill. App. 3d 318, 320 (1990),

directly involved this court concluding that our supreme court, in *People v. Schmidt*, 126 Ill. 2d 179 (1988), had implicitly overruled one of its own prior decisions. But the *Schmidt* court, in stating its holding, addressed the validity of its prior decision head on, making clear that it was "not unaware" of its *dicta* to the contrary in *People v. Dace*, 104 Ill. 2d 96 (1984). *Schmidt*, 126 Ill. 2d at 185. The supreme court noted that the "fundamental question" before it in *Schmidt*— whether an accused could be found guilty of a crime that was not a lesser-included offense to the one he was charged with committing—"was not presented to or considered by the court" in *Dace*. *Schmidt*, 126 Ill. 2d at 185. In other words, there was no holding for the *Schmidt* court to expressly overrule because the conflicting statement in *Dace* was only *dicta*. In contrast to *N.G.*, which cited *Holmes* only in passing and approvingly, our supreme court in *Schmidt* directly acknowledged that there was a conflict between its new holding and what it had said before. And in contrast to *Holmes*, what the court had said in *Dace* was *dicta*. In sum, *Johnson* provides no support for the argument that we have routinely recognized that our supreme court has implicitly overruled the central holding in one of its very recent opinions.

¶ 26    As our supreme court has taken pains to remind us, when it "has declared the law on any point, *it alone can overrule and modify its previous opinion*." (Emphasis in original and internal quotation marks omitted.) *Blumenthal v. Brewer*, 2016 IL 118781, ¶ 61. While we are "free to question the continued validity" of a supreme court precedent, we "lack[ ] the authority to declare that precedent a dead letter." *Yakich v. Aulds*, 2019 IL 123667, ¶ 13. A finding that our supreme court has implicitly overruled its own precedent must have firm support for us not to run afoul of this clear mandate. And nowhere has our supreme court indicated that its holding in *N.G.*, which concerned only what uses void convictions may be put to, cannot be reconciled with its holding in *Holmes* that probable cause is not retroactively invalidated by a finding that the statutory provision

it was based on is void *ab initio*. In short, *Holmes* remains the controlling law that we must follow unless or until our supreme court says otherwise.

¶ 27                                                    IV. CONCLUSION

¶ 28    For the foregoing reasons, the judgment of the circuit court denying Mr. Ellis's petition for relief from judgment pursuant to section 2-1401 of the Code is affirmed.

¶ 29    Affirmed.

| | |
|---|---|
| **Cite as:** | *People v. Ellis*, 2020 IL App (1st) 190774 |
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, No. 11-CR-11010; the Hon. Dennis J. Porter, Judge, presiding. |
| **Attorneys for Appellant:** | James E. Chadd, Thomas A. Lilien, and Christopher McCoy, of State Appellate Defender's Office, of Elgin, for appellant. |
| **Attorneys for Appellee:** | Kimberly M. Foxx, State's Attorney, of Chicago (Alan J. Spellberg, Annette Collins, and John E. Nowak, Assistant State's Attorneys, of counsel), for the People. |