2024 IL App (1st) 231460

SIXTH DIVISION

August 23, 2024

No. 1-23-1460

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| FRED HAMPTON AND GLENN WILLIAMS, individually and on behalf of all others similarly situated, | ) ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiffs-Appellees, | ) ) | |
| v. | ) ) | No. 19 CH 1089 |
| CITY OF CHICAGO, a municipal corporation, | ) ) ) | Honorable David B. Atkins, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE C.A. WALKER delivered the judgment of the court.
Presiding Justice Oden Johnson and Justice Tailor concurred in the judgment.

**OPINION**

¶ 1      The circuit court certified the following question on appeal: "[M]ay a party seek return of fines paid to a government entity pursuant to void judgments at any time, notwithstanding the applicability of any relevant statute of limitations or other public policy considerations?" For the reasons below, we answer a limited version of the above question in the affirmative and hold that the Illinois Supreme Court's exception to the rule that void judgments can be challenged at any

time, as explained in *Sundance Homes, Inc. v. County of Du Page*, 195 Ill. 2d 257 (2001), applies to refund claims predicated on void agency determinations.

¶ 2                                    I. BACKGROUND

¶ 3    This case arises from a proposed class action against the City of Chicago (City) over collections the City undertook against vehicle owners pursuant to the automated traffic law enforcement (ATL) program, colloquially known as the "red-light" camera program. Under the ATL program, a camera affixed to certain red lights in the city of Chicago would automatically detect when drivers violated the traffic laws regarding red lights, then issue a ticket for that violation directly to the owner of the vehicle. Plaintiffs Fred Hampton and Glenn Williams, on behalf of a proposed class of ticketed owners (Plaintiffs), seek, in relevant part, a refund of the civil penalties paid to the City pursuant to the program, claiming the City failed to follow the administrative notice requirements in assessing and collecting civil penalty fees resulting from alleged violations, rendering the collection judgments void.

¶ 4    Hampton filed his "Class Action Complaint" on January 25, 2019. In relevant part, Hampton alleged that the City implemented the ATL program in 2003. The program generated over $235 million in revenue from 2003 to 2010. Hampton further alleged that, in administering the program, the Municipal Code of Chicago (MCC) required the City to mail owners a notice of a violation, following which the recipient owner could either pay a fine, submit materials in the mail to challenge the violation, or request a hearing. If the owner did not respond, the Code then required the City to issue a second notice to the owner. Following the second notice, if the owner did not respond within 14 days, the City could then enter a judgment, or "determination of liability," against that owner and impose a monetary fine.

¶ 5 Despite the MCC's requirements, Hampton alleged, the City never issued a second notice to any owner found liable under the ATL program from 2003 to May 17, 2015. This rendered each fine levied and collected under the ATL program "null and void" and "subject to collateral attack in any court at any time."

¶ 6 The complaint referenced an earlier litigation (*McKenzie-Lopez v. City*, No. 15-CH-4802 (Cir. Ct. Cook County)) in which the City settled with a class of ATL program ticket recipients on the basis of no second notice but limited the class to owners ticketed between March 23, 2010, and May 17, 2015. Hampton sought to certify a class consisting of the remaining plaintiffs, whose fines were levied from 2003 to March 22, 2010. The complaint defined the proposed class as

"All individuals or entities to whom, between 2003 and March 22, 2010, the City of Chicago issued a determination of liability on an alleged automated traffic law enforcement program violation before any request was made for an adjudication by mail or for an administrative hearing, or where no such request was made."

¶ 7 Hampton sought one count, Count I for a declaratory judgment, under which the following relief was requested:

"A. Declare that the City's practice of issuing determinations of liability on alleged ATL program violations without issuing a second notice violates the MCC, and therefore, are void and unenforceable;

B. Order the City to create a common fund sufficient to provide full restitution, as well as pre- and post-judgment interest, to Plaintiff and Class members who paid fines and penalties in satisfaction of void judgments and determinations of liability concerning an alleged ATL Violation."

Hampton further sought a permanent injunction, attorney's fees, and any other relief the circuit court found appropriate.

¶ 8    Hampton later filed a first amended complaint, which added Williams as a named plaintiff.

¶ 9    The City moved to dismiss, arguing, in relevant part, that Plaintiffs' claims were time-barred by the five-year civil catchall statute of limitations (see 735 ILCS 5/13-205 (West 2016)). For support, the City cited *Sundance Homes*, where the supreme court applied the statute of limitations to an untimely transportation impact fee refund claim, even though the claim arose from a facially unconstitutional statute. *Sundance Homes*, 195 Ill. 2d at 270. Because Hampton filed suit on January 28, 2019, the City argued all claims accruing before January 28, 2014, were barred.

¶ 10   In its response, Plaintiffs contended that because they alleged the determinations of liability were void judgments, they could be attacked at any time, and were not subject to a statute of limitations. Plaintiffs noted that the circuit court in *McKenzie-Lopez v. City*, No. 15-CH-4802 (Cir. Ct. Cook County), refused to certify a question regarding whether the statute of limitations applied in this context, and this court rejected the City's petition for leave to appeal on that issue.

¶ 11   In its reply, the City argued that "while *Sundance Homes* did not expressly address whether a refund claim based on a 'void' agency determination is subject to a statute of limitations," its holding stood for this proposition because "the very same reasons supporting application of a limitations period to claims seeking refunds of monies paid under an unconstitutional statute *** apply equally to claims seeking refunds paid under a 'void' administrative decision."

¶ 12   The circuit court denied the City's motion to dismiss as to Hampton but granted it as to Williams, reasoning, in relevant part, that the claims were not time-barred because "where the facts, as alleged, show that Defendant's decisions may be found to be void, Plaintiffs are free to

attack the decision at any time." The court dismissed the complaint without prejudice to permit Plaintiffs to file a second amended complaint regarding Williams's claims.

¶ 13    Plaintiffs filed a second amended complaint, which maintained the core claims of the original complaint as to the purported class. Regarding Hampton, Plaintiffs alleged that the City issued him at least four determinations of liability, pursuant to the ATL program, between 2005 and March 23, 2010, without issuing second notices. Plaintiffs stated Williams committed an alleged ATL program violation on April 21, 2008, then received a determination of liability without first receiving a second notice of violation, after which he paid a fine.

¶ 14    The City again moved to dismiss under the same theory, and clarified its position that while a declaration that the determinations of liability were void could be sought at any time, a claim for a refund of the money paid pursuant to those determinations was subject to the statute of limitations. In response, Plaintiffs argued *Sundance Homes* did not apply because this was a challenge to a void agency decision, which is not a "simple refund case."

¶ 15    The circuit court denied the City's motion, and explained:

> "Plaintiffs do not allege they simply left moneys with the City by mistake, but that they were *required* to pay the City via void judgments against them. Defendant's argument, if accepted, would render the doctrine that void judgments can be challenged at any time meaningless as to any judgment that requires payment of a fine, and the court can find no support for such a finding."

¶ 16    The City moved to certify a question for review on appeal pursuant to Illinois Supreme Court Rule 308(a) (eff. Oct. 1, 2019). Plaintiffs opposed the motion. The circuit court granted the motion to certify for interlocutory appeal for the question: "[M]ay a party seek return of fines paid to a government entity pursuant to void judgments at any time, notwithstanding the applicability

5

of any relevant statute of limitations or other public policy considerations?" The City then petitioned for leave to file the present appeal, which this court granted.

¶ 17                                    II. JURISDICTION

¶ 18   This court granted the City's petition for leave to appeal to resolve a certified question, giving this court jurisdiction pursuant to Illinois Supreme Court Rule 308(a) (eff. Oct. 1, 2019).

¶ 19                                     III. ANALYSIS

¶ 20   Illinois Supreme Court Rule 308(a) (eff. Oct. 1, 2019) applies when "the trial court, in making an interlocutory order not otherwise appealable, finds that the order involves a question of law as to which there is a substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." Because a certified question presents a pure issue of law, our review is *de novo*. *Rozsavolgyi v. City of Aurora*, 2017 IL 121048, ¶ 21. "Certified questions must not seek an application of the law to the facts of a specific case." If addressing the question "will result in an answer that is advisory or provisional," the appellate court should not reach the question. *Id.* The appellate court may limit or rephrase a certified question, though review is generally confined to the issue presented in the certified question. *Williams v. Athletico, Ltd.*, 2017 IL App (1st) 161902, ¶ 9; see *Hampton v. Metropolitan Water Reclamation District of Greater Chicago*, 2016 IL 119861, ¶ 10.

¶ 21   The question as certified is "[M]ay a party seek return of fines paid to a government entity pursuant to void judgments at any time, notwithstanding the applicability of any relevant statute of limitations or other public policy considerations?" As an initial matter, we note that the question as certified is overbroad because resolving it would implicate other areas of the law such that our opinion would be rendered advisory (*i.e.*, criminal cases involving fines). *Rozsavolgyi*, 2017 IL 121048, ¶ 21. Similarly, we decline to address the public policy aspect of the question as certified

because proper analysis of the issue would necessarily involve application of law to this specific factual context, which is improper on a certified question review. *Id.*

¶ 22    With those issues in mind, we rephrase the certified question as follows: "Does the *Sundance Homes* exception to the void judgment rule apply only to refund claims predicated on void statutes, or does the exception also apply to refund claims predicated on void agency actions?"

¶ 23    We begin, of course, with *Sundance Homes*. There, the Illinois Supreme Court analyzed a claim arising from an earlier decision, *Northern Illinois Home Builders Ass'n, Inc. v. County of Du Page*, 165 Ill. 2d 25 (1995), in which the court held a statute that enabled Du Page County to levy transportation impact fees facially unconstitutional. *Sundance Homes*, 195 Ill. 2d at 259 (citing *Northern Illinois*, 165 Ill. 2d at 35-36). The plaintiff in *Sundance Homes* sought return of impact fees paid pursuant to the unconstitutional enabling act but, crucially, had "waited more than five years after they had paid the impact fees in question to file for a refund." *Id.* at 259-61. After the defendant refused the refund request, the plaintiff then filed a class-action lawsuit, requesting that the defendant "be ordered to return all of the road impact fees paid" under the unconstitutional enabling act. *Id.* at 261. The defendant moved to dismiss, arguing, in relevant part, that the plaintiff's claims were barred by the five-year civil catchall statute of limitations. *Id.* at 261 (citing 735 ILCS 5/13-205 (West 2016)). The circuit court denied the defendant's motion and later entered summary judgment for the plaintiff. *Id.* at 262.

¶ 24    Following litigation regarding attorney's fees, the defendant appealed, and the appellate court reversed, holding that the plaintiff's claims were time-barred. *Id.* at 265. In its *Sundance Homes* opinion, the Illinois Supreme Court affirmed. First, the court explained that the impact fee refund claim, while not a tax refund claim specifically, was sufficiently similar to a tax refund claim that the caselaw in that area could inform its decision. *Id.* at 266. It further explained,

"Federal decisions appear to sanction strict application of statutes of limitations in the area of tax litigation, even where the law has been altered by judicial decision." *Id.* at 268. The court quoted a passage in the United States Supreme Court case, *Reynoldsville Casket Co. v. Hyde*, 514 U.S. 749, 756 (1995). It read:

"Suppose a State collects taxes under a taxing statute that this Court later holds unconstitutional. Taxpayers then sue for a refund of the unconstitutionally collected taxes. Retroactive application of the Court's holding would seem to entitle the taxpayers to a refund of taxes. But what if a pre-existing, separate, independent rule of state law, having nothing to do with retroactivity—a rule containing certain procedural requirements for any refund suit—nonetheless barred the taxpayers' refund suit? [Citations.] Depending upon whether or not this independent rule satisfied other provisions of the Constitution, it could independently bar the taxpayers' refund claim."

¶ 25 The *Sundance Homes* court continued that the United States Supreme Court "has repeatedly affirmed the notion that a statute of limitation may bar a tax refund action, notwithstanding the Court's ruling that the state's taxing statute is unconstitutional, and irrespective of the Court's retroactive application of that ruling." *Sundance Homes*, 195 Ill. 2d at 269. The court concluded:

"Undoubtedly, statutes of limitation are valid procedural restrictions which may be invoked to bar an otherwise meritorious claim for a refund, even when that claim is based upon a tax statute that has been held unconstitutional." *Id.* at 270.

¶ 26 Resolution of the certified question hinges on whether the above holding in *Sundance Homes* applies only when the claim for a refund is based on a statute that has been held unconstitutional or whether it applies in another void judgment context—specifically, a void agency determination. The City contends that the *Sundance Homes* exception applies to void

agency determinations, while Plaintiffs respond that the general rule that a void judgment may be attacked at any time has been reiterated by the supreme court in multiple contexts, and nothing in *Sundance Homes* indicates the court's intent to create an exception to the void judgment rule outside of the specific context of an unconstitutional statute.

¶ 27   We hold the *Sundance Homes* exception to the void judgment rule for refund claims applies to claims predicated on void agency decisions. The supreme court in *Sundance Homes* directly considered a type of void judgment—a judgment predicated on a facially unconstitutional statute—and held that refund claims arising from such judgments were subject to the statute of limitations. The court did not expressly consider the tension this ruling had with the void judgment rule in general, but that tension cannot be ignored, nor can the fact the court resolved that tension in favor of applying the time-bar. *Sundance Homes* thus stands for the proposition that statutes of limitations apply in the refund claim context, even if the refund is predicated on a void judgment. With this holding in place, and binding on this court, the only justification we could use to restrict the *Sundance Homes* exception from application to the type of void judgments in question here would be to identify a substantive distinction between the void judgments at issue in *Sundance Homes* and void agency determinations. As explained below, however, the theory underlying what renders an action or judgment void maintains across all types of void judgments or determinations, meaning there is no such substantive distinction.

¶ 28   An action or judgment is considered "void" under Illinois law when it is done without the governmental body having authority to do so. A facially unconstitutional statute is void when the legislature acts beyond its authority to pass laws granted by the constitution. *People v. Price*, 2016 IL 118613, ¶¶ 30-31.[1] An agency action is void when the agency acts beyond the authority granted

---

[1]We note that the same is not true of a statute found unconstitutional in an as-applied challenge. See *People v. Thompson*, 2015 IL 118151, ¶¶ 31-33.

to that agency by the legislature or without attaining jurisdiction over an individual through proper notice. See *Daniels v. Industrial Comm'n*, 201 Ill. 2d 160, 165 (2002); *Stone Street Partners, LLC v. City of Chicago Department of Administrative Hearings*, 2017 IL 117720, ¶ 36. A court's order is void when entered beyond its authority because it lacks jurisdiction. *Municipal Trust & Savings Bank v. Moriarty*, 2021 IL 126290, ¶ 17. None of these actions is "more void" than another. See, *e.g.*, *Keystone Montessori School v. Village of River Forest*, 2021 IL App (1st) 191992, ¶ 89. ("It is axiomatic that statutes that are unconstitutional on their face are void *ab initio* and that they and court orders void *ab initio* may be challenged at any time in any court with jurisdiction."). It follows that there is no underlying substantive distinction between why the *Sundance Homes* impact fee collection was void and why an agency action would be considered void. Thus, there is no legal rationale constraining the void judgment rule exception created in *Sundance Homes* in the context of that case.

¶ 29    We further note that application of *Sundance Homes'*s exception to the void judgment rule to other contexts beyond void statutes is supported by the *Sundance Homes* court's declaration that a uniform application of statutes of limitations for "simple" refund cases reflects the intent of the legislature. See *Sundance Homes*, 195 Ill. 2d at 284; see also *Tims v. Black Horse Carriers, Inc.*, 2023 IL 127801, ¶ 21; *Raintree Homes, Inc. v. Village of Long Grove*, 209 Ill. 2d 248, 260 (2004). A system that differentiated between what, if any, statutes of limitations applied, based on whether the refund claim is predicated on a void agency action or a void statute, would defeat this intent, particularly where there is no substantive difference between the various types of void judgments.[2]

---

[2]We acknowledge the potential issues around a legal regime that permits the legislature to pass laws that both (1) authorize a constitutionally questionable monetary collection and (2) limit the timeframe a payor has to obtain a refund on a successful challenge of that collection. This tension is inherent in the framework of the *Sundance Homes* exception and is likely worth further consideration than we may now provide, given the limited scope of our review and authority.

¶ 30    Plaintiffs argue that *Sundance Homes* does not apply beyond the void statute context because the opinion does not expressly mention the word "void," meaning the supreme court did not intend its ruling to apply to other types of void judgments. But while we acknowledge that the *Sundance Homes* court did not reckon with why, on a policy basis, refund claims should constitute an exception to the void judgment rule, we do not have the discretion to choose not to apply the *Sundance Homes* exception without a substantive rationale distinguishing between types of void judgments, which we have not discovered, and Plaintiffs do not provide. See *People v. Ellis*, 2020 IL App (1st) 190774, ¶ 26 (only the Illinois Supreme Court may modify a declaration of law made in one of its opinions). The *Sundance Homes* court may not have used the term "void," but, as explained above, the operative language for our purposes directly addressed the core tension between time limits on one hand and the void judgment rule on the other and ruled in favor of imposing time limits in the context of refund claims. "[S]tatutes of limitation are valid procedural restrictions which may be invoked to bar an otherwise meritorious claim for a refund, *even when that claim is based upon a tax statute that has been held unconstitutional*." (Emphasis added.) *Sundance Homes*, 195 Ill. 2d at 270.

¶ 31    Plaintiffs also argue that *Sundance Homes* should not apply because (1) the Illinois Supreme Court has issued multiple post-*Sundance Homes* opinions standing for the general proposition that void judgments can be challenged at any time and (2) these cases should be read to foreclose any suggestion that *Sundance Homes* created an exception beyond its specific circumstances. See *Stone Street*, 2017 IL 117720; *Price*, 2016 IL 118613; *LVNV Funding, LLC v. Trice*, 2015 IL 116129. This argument fails because the cited cases each discuss the void judgment rule outside of the refund context and do not discuss the *Sundance Homes* exception at all, let alone meaningfully distinguish it or demonstrate the supreme court's abandonment thereof. Accordingly, these cases

cannot stand for the proposition that the supreme court intended to abandon *Sundance Homes*, and this court cannot depart from it as a viable supreme court holding. See *Ellis*, 2020 IL App (1st) 190774, ¶ 26 (must be "firm support" that the supreme court has "implicitly overruled" a holding before appellate court can deviate from that holding).

¶ 32　First, we consider *Stone Street*, 2017 IL 117720, which involved a void administrative decision. There, plaintiff Stone Street brought an administrative review action against the City to contest a judgment recorded against one of Stone Street's properties in 1999. *Id.* ¶ 1. The record did not indicate that the City ever served Stone Street with notice of the alleged violations, or the judgment itself, before 2009. *Id.* ¶ 7. In 2009, the City recorded the judgment, and Stone Street shortly thereafter filed a claim for administrative relief. *Id.* ¶ 11. The hearing officer "struck" Stone Street's claim because, in relevant part, the administrative department lacked jurisdiction due to the claim's untimeliness. *Id.* ¶ 12. Stone Street then filed an unsuccessful action in the circuit court. *Id.* ¶¶ 12-16. On appeal, however, the appellate court held, and the supreme court then affirmed, that Stone Street could pursue a claim for a declaratory judgment based on the theory that because the judgment was void for the lack of notice, it could be challenged at any time. *Id.* ¶¶ 17-22, 36.

¶ 33　While *Stone Street* stands for the general proposition that void administrative law judgments can be challenged at any time, that proposition is not at issue. Indeed, the parties agree the declaratory judgment aspect of Plaintiffs' challenge can proceed, regardless of the resolution of this appeal. What *Stone Street* does not address, however, is whether *refund* claims predicated on void administrative law collection judgment may be brought at any time. On that point, *Stone Street* cannot be read to contradict or override the operative discussion in *Sundance Homes*.

¶ 34　Next, in *Price*, 2016 IL 118613, the supreme court relayed general black-letter law on the void judgment rule, explaining that void judgments are unique because they may be challenged at

any time, directly or collaterally, and such challenges are not subject to any procedural constraints such as statutes of limitations or forfeiture. *Id.* ¶ 30 (citing *People v. Castleberry*, 2015 IL 116916, ¶ 15). The *Price* court continued that because of these unique features, "only the most fundamental defects warrant declaring a judgment void." *Id.* Like *Stone Street*, Plaintiffs' citation to *Price* does not avail them of any relief because the general propositions in *Price* are not in dispute. Moreover, the substance of *Price* dealt with the "void sentence" rule, and the court did not address anything specific to void administrative judgments or refund matters. Accordingly, the *Price* court's statement that void judgments can be challenged at any time is too general to impact the *Sundance Homes* exception's continued viability.

¶ 35   Finally, Plaintiffs cite *LVNV*, 2015 IL 116129, for (1) the proposition that when an agency operates outside of its authority, it acts without jurisdiction, and its actions are void, and (2) the supreme court's distinction between a void agency determination and an erroneous order entered by a circuit court with jurisdiction, which is not void. See *id.* ¶¶ 28-40; see also *Daniels*, 201 Ill. 2d at 165. This citation fails because the statute in *Sundance Homes* was not simply "in error," like an erroneous judgment from a circuit court that had jurisdiction; it was facially unconstitutional. *LVNV* simply explains the difference between one specific type of judgment that is not void (a court with jurisdiction entering an erroneous order) and a judgment that is void (an administrative body entering a judgment that exceeds its legislatively granted authority), an explanation which is irrelevant to our decision.

¶ 36                                    IV. CONCLUSION

¶ 37   In *Sundance Homes*, the supreme court created an exception to the rule that a void judgment can be challenged at any time. Specifically, the court held that claims for a refund of money collected by the government are subject to the five-year civil catchall statute of limitations, even

13

if the claim is based on the fact that the collection was done pursuant to a facially unconstitutional, and thus void, statute. The question posed to us today is whether a refund claim arising from a void judgment in another context—a void agency decision, instead of a void statute—is also subject to the statute of limitations. Our answer, for the reasons explained above, is yes.

¶ 38   Certified question answered.

*Hampton v. City of Chicago*, 2024 IL App (1st) 231460

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, No. 19-CH-1089; the Hon. David B. Atkins, Judge, presiding. |
| **Attorneys for Appellant:** | Mary B. Richardson-Lowry, Corporation Counsel, of Chicago (Myriam Zreczny Kasper, Suzanne M. Loose, and Aya R. Barnea, Assistant Corporation Counsel, of counsel), for appellant. |
| **Attorneys for Appellee:** | Dom J. Rizzi, Daniel O. Herrera, and Mohammed A. Rathur, of Cafferty Clobes Meriwether & Sprengel LLP, of Chicago, and Ellen Meriwether, of Cafferty Clobes Meriwether & Sprengel LLP, of Media, Pennsylvania, for appellees. |